Submitted on briefs March 18; affirmed March 31, 1931

## PUGH *v.* SHULL ET UX.
### (297 P. 366)

. *Charles A. Hardy* and *Clyde N. Johnston*, both of Eugene, for appellant.

*Calkins & Calkins*, of Eugene, for respondents.

CAMPBELL, J.   This is a suit in equity brought by plaintiff against defendant to rescind a certain contract for the exchange of certain property.  Plaintiff owned a farm, with stock and equipment thereon, situate in Lane county, Oregon, that he wished to trade for an apartment house or business property.  He inserted an advertisement to that effect in that widely circulated newspaper, "covering the whole northwest," the Sunday Oregonian of October 20, 1928.  Quick response was obtained to this advertisement, for on October 22nd, defendant appeared ready, willing and able to make such a trade.  Defendant offered a garage and equipment located in Albany, Oregon.  After some negotiations and an examination of the respective properties, they arrived at a tentative agreement and were about ready for the services of a lawyer.  On October 23rd, they met in Eugene, Oregon, and plaintiff suggested that

they should go to Mr. Johnson's office. This was agreeable to defendant, and together they went there. Upon arriving at the lawyer's office they continued their negotiations for some little time and were then ready to have their agreement reduced to writing. The able attorney, no doubt feeling that he was acting to some extent for both, and with due regard for the ethics of the profession, wisely refrained from offering any suggestions to either, and simply embodied in legal form the conditions and covenants jointly requested. After the formal parts and a description of the property, the contract then contained the following conditions and covenants:

The party of the first part (defendants)

"shall  *  *  *  sell and convey to the said party of the second part the said described premises and buildings of said party of the first part and the appurtenances thereof in fee simple in possession, free of all encumbrances, except a first mortgage in the amount of $10,000 payable to Ada Anderson, with interest thereon at 7 per cent per annum, and a second mortgage at $10,000 payable to William Polders, with interest thereon at the rate of 5 per cent per annum, and with the interest on both said mortgages paid up to October 1, 1929, and subject to any taxes now due thereon."

The party of the second part (plaintiff)

"shall  *  *  *  sell and convey to the said party of the first part the said described land of said party of the second part with the appurtenances thereof in fee simple in possession, free from all encumbrances except a mortgage in the sum of $16,000 payable to the Prudential Savings and Loan Association with the interest thereon paid to November 1, 1929, and subject to any and all taxes now due thereon, together with all of the personal property herein above described as being on said premises and shall pay to the said party of the first part the sum of $250 in cash."

There follows a provision giving each party 30 days to complete the deal with the further provision:

"Each of said parties shall be entitled to the possession and the receipts of the rents and profits of the premises hereby agreed to be conveyed to him, from and after the twenty-third day of October, 1929.

"It is further understood and agreed that each of the parties hereto shall transfer the insurance on the property by him conveyed to the other party."

The plaintiff by appropriate allegations of fraud and false representation complains that there were false representations made by the defendant regarding the amount of taxes and the payment and amount of the premiums on the insurance policies, and that defendant had assigned some rental, after making the contract, to cover premiums on insurance that he had represented to have been paid up. That he falsely represented that the garage building was bringing a rental of $350 per month, whereas the lower story was all that was bringing rental, and only $250 per month. He prays for a rescission of the contract.

Defendant answered with a general denial of the false representations and for a further answer alleges that he has made improvements on the land that he bought from plaintiff, as well as made certain other business plans, and lost opportunities he had of making a sale or trade of the garage property to other parties. The new matter was denied in the reply.

The respective parties placed the above mentioned contract in escrow in a bank and proceeded to get the necessary deeds to make the proper transfer, which were also to be placed in the bank together with the insurance policies and the assignment of the lease to the garage. The defendant went into possession of the farm on the evening of October 23rd. The papers for the

transfer were all completed and placed in the bank within 10 days from the date of the agreement. On Saturday, November 2nd, plaintiff appeared at the bank and took the muniments of title deposited by defendant, and on the following Monday, defendant took down the muniments of title deposited by plaintiff and placed the same on record.

After plaintiff accepted title to the garage he began making the investigation which he claims led to the discovery of the alleged false representations.

The cause was heard by the court and after duly considering the evidence, he found as a question of fact, that the plaintiff failed to establish the allegations of the complaint. He thereupon entered a decree dismissing the case.

The only assignment of error is that the trial court arrived at the wrong conclusion in his finding of fact and in decreeing a dismissal of the case.

Plaintiff is a man of 53 years of age with considerable experience as a dealer in real estate. The defendant is 68 years old and also an experienced real estate dealer. The appellant admits that there is no question of law involved in this appeal and the only question for the court to determine is: Does the evidence sustain the conclusions arrived at by the trial court.

The defendant, Ida B. Shull, is the wife of J. W. Shull, and a nominal party defendant.

A careful examination of all the evidence leads us to the same conclusion as that reached by the learned trial judge. The testimony must be read and the exhibits examined in the light of the provisions of the law relating to agreements.

"When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be,

between the parties and their representatives or successors in interest, no evidence of the terms of the agreement, other than the contents of the writing'': Oregon Code 1930, § 9-212.

Plaintiff strenuously contends that he made no investigation regarding the alleged false representations until November 2nd, after he had accepted the muniments of title. Even if that were a fact, the defendant did nothing to prevent such an investigation. He had ten days, or if he so desired he could have taken thirty days, to have completed his investigation. He was neither a novice nor an amateur in respect to such dealings. The evidence is conflicting. From reading the record one might easily be left in a quandry as to which of the parties should prevail. The learned trial court had the benefit of seeing and hearing the witnesses. He could observe the hesitation that may or may not have existed in the answers to the questions asked. He had the atmosphere of the trial and was in a position to reach a correct conclusion. His decision seems to us to have been just and equitable, and should not be disturbed.

The decree of the circuit court is affirmed.